UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID NICKELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-CV-88-TRM-DCP |
| THE METROPOLITAN, et al., | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed *In Forma Pauperis* [Doc. 1], filed on March 7, 2018. The undersigned files this Report and Recommendation for the District Judge to whom this case is assigned. For the reasons more fully stated below, the Court finds that Plaintiff shall be allowed to file his Complaint without prepayment of costs, but the Court **RECOMMENDS** that the Complaint be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.  FILINGS AND ALLEGATIONS

Plaintiff has filed an Application to Proceed *In Forma Pauperis*, with the required detailing of his financial condition. [Doc. 1]. The application demonstrates that Plaintiff has little income and few assets.

In his Complaint, filed contemporaneously with the instant application, Plaintiff avers that he submitted an apartment rental application to Metropolitan apartments and Christina Osborne ("Defendants"), which application was denied by Defendants on the basis of Plaintiff's criminal

1

background. [Doc. 2] Plaintiff concedes that he has a criminal record but argues that he has not been convicted of any "violent crimes, sex crimes, or minor physical crimes." [*Id.* at 3]. Plaintiff alleges that Defendants did not allow him to appeal their decision and that no grievance procedure is in place. [*Id.*]. Plaintiff now seeks relief in the form of a declaratory judgment, injunctive relief, and punitive damages against Defendants on the basis that Defendants have violated his right to be free of discrimination pursuant to the First and Fourteenth Amendments of the United States Constitution, as well as the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*.

## II. ANALYSIS

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of the statute is to ensure that indigent litigants have meaningful access to the courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). To accomplish this end, a court must evaluate the litigant's indigence, but notwithstanding indigence, a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915(e)(2)(B)(ii) if the litigant fails to state a claim upon which relief can be granted.

The Court will address the indigence and merits components of 28 U.S.C. § 1915 in turn.

### A. Indigence

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25 (1992). The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990) (observing that the "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter."). The threshold requirement

2

which must be met in order to proceed *in forma pauperis* is that the plaintiff show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a)(1). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

In the present case, Plaintiff's application and economic status has been considered in making the decision of whether to grant leave to proceed *in forma pauperis*, and it appears to the Court that Plaintiff's application sets forth grounds for so proceeding. Accordingly, the Application to Proceed *In Forma Pauper* [**Doc. 1**] is **GRANTED**. The Clerk is **DIRECTED** to file the complaint in this case without prepayment of costs or fees. The Clerk **SHALL NOT** issue process, however, at this time.

### B. Merits – Failure to State a Claim

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the district court may dismiss a complaint if it fails to state a claim upon which relief can be granted. *See Neitzke*, 490 U.S. at 327 (observing that "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). Because Plaintiff does not allege sufficient facts to make out a legally cognizable claim against Defendants, the Court will recommend that Plaintiff's complaint be dismissed for failure to state a claim.

First, as to Plaintiff's constitutional claims, Plaintiff summarily asserts that Defendants committed "First Amendment violations." [Doc. 2 at 1]. Plaintiff does not elaborate any further and even liberally construing the complaint, the Court finds that Plaintiff fails to set forth any factual or legal basis to support his assertion. "Where a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). Plaintiff has failed to allege the presence of state action, and a private entity or individual acting alone cannot deprive a citizen of First Amendment rights. *Wilkerson v. Warner*, 545 F. App'x 413 (6th Cir. 2013).

As to Plaintiff's Fourteenth Amendment claim, Plaintiff asserts he has a constitutional right to be free of discrimination and that the rejection of his rental application by Defendants on the basis of his criminal background amounts to impermissible discrimination. [Doc. 2 at 4-5]. As with Plaintiff's First Amendment claim, the lack of state action alleged in this case is fatal to Plaintiff's claim as "the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982); *see also Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 156 (1978) (holding that "most rights secured by the Constitution are protected only against infringement by governments").

Moreover, denial of a rental application on the basis of an applicant's criminal background is insufficient to trigger protection under the Fair Housing Act ("FHA"). The Act makes it unlawful "to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of

4

race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Here, Plaintiff has not alleged that Defendants denied his rental application on any of the protected grounds set forth by the FHA.

Therefore, the Court will recommend that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Application to Proceed *In Forma Pauperis* [**Doc. 1**] is well-taken, and the same is **GRANTED**. The Clerk is **DIRECTED** to file the Complaint in this case without prepayment of costs or fees. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[1] because it is **RECOMMENDED**[2] that the Complaint [**Doc. 2**] be **DISMISSED** due to a failure to state a claim upon which relief can be granted.

---

[1] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of *Gibson*, 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Respectfully submitted,

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

6